IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TONY MAURICE ATKINS,    : | PRISONER CIVIL RIGHTS |
| Plaintiff,    : | 42 U.S.C. § 1983 |
| : | |
| v.    : | |
| : | |
| JHON MCCLANE,    : | CIVIL ACTION NO. |
| Defendant.    : | 1:13-CV-1363-WSD-LTW |

**FINAL REPORT AND RECOMMENDATION**

Plaintiff is confined at the Fulton County Jail in Atlanta, Georgia. (Doc. 1 at 2.) Plaintiff, pro se, filed this action using a 42 U.S.C. § 1983 complaint form, but his allegations demonstrate that the Court does not have subject-matter jurisdiction over the action.

Plaintiff alleges that Defendant is a Fulton County Public Defender who represented Plaintiff in a criminal case.[1] (Doc. 1 at 3-4, 6.) Plaintiff alleges that he told Defendant in confidence in early 2012 that he (Plaintiff) had tested positive for the Human Immunodeficiency Virus ("HIV"). (*Id.*) Plaintiff contends that despite promising to maintain the confidentiality of that information, Defendant told Plaintiff's family that he had HIV. (*Id.*) As a result, Plaintiff contends that his family

---

[1] Plaintiff lists Defendant's first name as "Jhon." (Doc. 1 at 1, 3.) The Court **DIRECTS** the Clerk to correct Defendant's name on the docket.

has shunned him and his life has changed. (*Id.*) The only relief Plaintiff seeks in this action is for the Court to "look into this situation an[d] to put a[n] end to this so that it [won't] happen again to someone that may be in my shoes." (*Id.* at 4.)

Federal courts have limited subject-matter jurisdiction. *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1260-61 (11th Cir. 2000). Federal courts can hear cases involving claims arising under federal law and cases based on diversity of citizenship. 28 U.S.C. §§ 1331-32. A claim arises under federal law "only when a federal question is presented on the face of the plaintiffs' properly pleaded complaint." *Hill v. BellSouth Telecomm., Inc.*, 364 F.3d 1308, 1314 (11th Cir. 2004). "In determining the presence of a federal question, this Court looks to the substance, not the labels, of the plaintiff's claims as contained in the factual allegations in the complaint." *Citimortgage, Inc. v. Dhinoja*, 705 F. Supp. 2d 1378, 1381 (N.D. Ga. 2010). To invoke diversity jurisdiction, the plaintiff must establish that: (1) there is complete diversity of citizenship, *i.e.,* that the adverse parties are citizens of different states; and (2) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332.

It is clear from the face of Plaintiff's complaint that the Court lacks subject-matter jurisdiction. There is no diversity jurisdiction because Plaintiff alleges that he

is an Atlanta resident and Defendant is a public defense lawyer in Atlanta and does not claim damages in excess of $75,000. (Doc. 1 at 2-3.) No federal question appears in the complaint because Plaintiff's only claim is that Defendant improperly disclosed sensitive information about Plaintiff to Plaintiff's family. (*Id.* at 3-4.) Although Plaintiff wrote his allegations on a § 1983 complaint form, the label does not control. Plaintiff's claim sounds only in state law. *See Torrance v. Morris Publ'g Group, LLC*, 636 S.E.2d 740, 747 (Ga. Ct. App. 2006) (discussing species of the tort of invasion of privacy under Georgia law); *Johnson v. Allen*, 613 S.E.2d 657, 661 (Ga. Ct. App. 2005) (listing elements of tort of intentional infliction of emotional distress).

Accordingly, the undersigned **RECOMMENDS** that this action be **DISMISSED** for lack of subject-matter jurisdiction.

**SO RECOMMENDED** this ___ day of _____, 2013.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE