IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TONY MAURICE ATKINS,

      Plaintiff,

v.                                  1:13-cv-1363-WSD

JHON McCLANE,

      Defendant.

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Linda T. Walker's Final Report and Recommendation ("R&R") [3].

On April 24, 2013, Plaintiff, in custody at Fulton County Jail and proceeding *pro se*, filed a complaint seeming to assert a claim under 42 U.S.C § 1983. Plaintiff alleges that his attorney, a Fulton County Public Defender, breached the duty of confidentiality and informed Plaintiff's family that Plaintiff is HIV-positive. The Magistrate Judge concluded that Plaintiff has not stated a claim over which the Court has jurisdiction, and recommended that this action be dismissed. Plaintiff did not object to the Magistrate Judge's R&R.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate

judge's report and recommendation.  28 U.S.C. § 636(b)(1) (Supp. IV 2010); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  If no party has objected to the report and recommendation, a court conducts only a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).  As Plaintiff did not object to the R&R, the Court conducts a review only for plain error.

The Court agrees that Plaintiff failed to state a claim over which a federal court has subject-matter jurisdiction.  Federal courts are courts of limited jurisdiction, and can hear only cases involving questions of federal law or cases based on diversity of citizenship.  28 U.S.C. §§ 1331-32.  Although Plaintiff asserted a claim under 42 U.S.C. § 1983, he did not allege any facts that would support a claim under Section 1983.  Section 1983 allows plaintiffs to enforce their federal constitutional rights against defendants who acted under color of law.  42 U.S.C. § 1983.  Plaintiff here does not seek to enforce a protected federal right, and his attorney did not act under color of law.  Plaintiff's claims against his attorney for breach of the duty of confidentiality or of loyalty, or for the tort of invasion of privacy, are state-law claims, and not proper under 42 U.S.C § 1983.

Plaintiff has not asserted any other claim arising under federal law, and also cannot invoke diversity jurisdiction because both Plaintiff and his attorney are citizens of Georgia. The Court thus concludes it lacks subject-matter jurisdiction over this action, and it is required to be dismissed.

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Linda T. Walker's Final Report and Recommendation [3] is **ADOPTED** and this action is **DISMISSED** for lack of jurisdiction.

**SO ORDERED** this 27th day of September, 2013.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE